# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LATASHA R. ARMSTEAD,

                Plaintiff,

v.

JONATHAN J. PLATO and ERIC R. ZIEGLER,

                Defendants.

Case No. 16-CV-556-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff, Latasha R. Armstead ("Armstead"), proceeds against Defendants Johnathan J. Plato ("Plato") and Eric R. Ziegler ("Ziegler") in this action on a single claim—deliberate indifference to her risk of self-harm, in violation of her rights under the Eighth Amendment. (Docket #14).[1] On August 9, 2017, Defendants filed a motion for summary judgment, along with a brief in support, proposed findings of fact, and several declarations. (Docket #25-32). Plaintiff was required to respond to Defendants' motion on or before September 11, 2017. *See* Civil L. R. 56(b)(2). As of today's date, the Court has received no response to the motion or other communication from Armstead. The Defendants' motion will be addressed in its unopposed form and, for the reasons explained below, it will be granted.

---

[1]Plaintiff previously identified Plato only as "CO Plato" and Ziegler as "SGT. Ziegler." Their full names, as used in this Order, are taken from their filings.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 3. BACKGROUND

### 3.1 Plaintiff's Failure to Dispute the Material Facts

The facts relevant to Defendants' motion are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered January 23, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #21 at 2-3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for her response as set forth in Federal and Local Rules 56. (Docket #25). She was provided with additional copies of those Rules along with the motion. *Id*. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #27). It contained short, numbered paragraphs concisely stating

those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Plaintiff filed nothing in response to Defendants' motion. Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as her lawyer, and it cannot delve through the record to find favorable evidence for her. Thus, the Court will deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).[2]

### 3.2    Relevant Material Facts

At all times relevant, Armstead was a prisoner, Ziegler was a correctional sergeant, and Plato was a correctional officer at Taycheedah Correction Institution ("TCI"). (Docket #27 at 1).

Armstead alleges that on March 1, 2016, Ziegler and Plato taunted her to the point of her requiring attention from the psychological services unit ("PSU") because she was having thoughts of self-harm. (Docket #14 at 3). She alleges Ziegler and Plato refused to call PSU when she first asked, and she resulted to cutting herself. *Id.*

Defendants remember the events of March 1, 2016 differently. When Plato arrived to start his shift, Armstead immediately told him that she

---

[2]Before Defendants filed their summary judgment motion, Plaintiff filed a "motion for discovery" which includes discovery requests directed at Taycheedah Correction Institution. (Docket #23). In its scheduling order, the Court instructed Plaintiff that discovery requests must be served on the defendant to whom they are directed, and that simply filing discovery requests with the Court is not sufficient. (Docket #21 at 2). Plaintiff's motion does not comply with the federal rules of civil procedure or the Court's order. Her motion will be denied.

needed to take a shower and go to the laundry room. *Id.* Because Plato had not yet attended to the duties required of him at the beginning of his shift, he told Armstead that she would have to wait. *Id.* Armstead then asked if she could go the PSU. *Id.* at 3. Plato asked Armstead if she had thoughts of self-harm or of harming others, and Armstead said no. *Id.* Based on this response, Plato determined Armstead did not require an immediate visit to the PSU, so he instructed Armstead to fill out a request for an appointment with the PSU. *Id.* at 3. Plato told his sergeant, Ziegler, about this interaction, and Ziegler confirmed that Plato had followed the proper procedure for determining whether Armstead required immediate attention from psychological health staff. *Id.*

Armstead did not submit a request to be seen by the PSU that day. *Id.* at 4. There are no health services records indicating that Armstead engaged in any self-harming behavior on March 1, 2016 requiring medical attention. *Id.* at 5.

4. **ANALYSIS**

Armstead claims that Defendants' actions reflected deliberate indifference to her risk of self-harm, in violation of her rights under the Eighth Amendment. To show deliberate indifference, a plaintiff must prove that "(1) [she] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [her]; and (3) this indifference caused [her] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The Seventh Circuit holds that self-harming or suicidal behavior satisfies the first element, meaning it is a "serious medical condition." *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

The second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing self-harm and (2) intentionally disregarded the risk. *Collins v. Seeman*, 462 F.3d 757, 761-62 (7th Cir. 2006). The defendant "must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "also draw the inference." *Pittman*, 746 F.3d at 776 (quotation omitted).

The Seventh Circuit's decision in *Collins* is instructive. In that case, a suicidal inmate requested, but did not receive, crisis assistance. *Collins*, 462 F.3d at 759. When told that assistance would not be immediate, the inmate stated that he was okay and could wait until help arrived. *Id.* During the interim, staff checked in on him and informed him that assistance was coming soon, but he committed suicide before help arrived. *Id.* at 759–60. The Seventh Circuit held that the defendants who knew the inmate had requested crisis help but did not know the reason for the request were not deliberately indifferent to the inmate's risk of suicide. *Id.* at 761. The court explained that "inmates often request meetings with crisis counselors for reasons both serious and mundane, and sometimes make such requests as a means of manipulating prison staff. Thus, a request to see a crisis counselor, standing alone, is not sufficient to put a defendant on notice that an inmate poses a substantial and imminent risk of suicide." *Id.*

As in *Collins*, the undisputed facts in this case demonstrate that Defendants were not deliberately indifferent to Armstead's risk of self-harm. Armstead's request to be seen by the prison's psychological staff is not sufficient to have put Zeigler and Plato on notice that she was at imminent risk of engaging in self-harm. Further, Armstead told Plato directly that she did not intend to hurt herself. The record shows, in fact,

that Armstead did not engage in self-harm that day. Absent a showing that Defendants had the requisite knowledge of a substantial risk that Armstead would engage in self-harm, and that Armstead suffered an injury as a result, Armstead's Eighth Amendment claim fails as a matter of law. *Collins*, 462 F.3d at 761. The Court is obliged to grant summary judgment in Defendants' favor.

**5.     CONCLUSION**

Plaintiff failed to oppose Defendants' motion for summary judgment. For this reason alone, the Court could dismiss Plaintiff's action entirely. *See* Civil L. R. 41(c). On the undisputed facts before the Court, no reasonable jury could find Defendants to have been deliberately indifferent to Plaintiff's risk of self-harm, and therefore Defendants are entitled to summary judgment. This action must be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #25) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery (Docket #23) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge